UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **GEORGE DEWAYNE DUNN** | **CIVIL ACTION NO. 21-0304** |
| | **SECTION P** |
| **VS.** | |
| | **JUDGE TERRY A. DOUGHTY** |
| **SERGEANT RENFRO, ET AL.** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

### REPORT AND RECOMMENDATION

Plaintiff George Dewayne Dunn, a prisoner at Ouachita Correctional Center proceeding pro se and in forma pauperis, filed this proceeding on approximately February 3, 2021, under 42 U.S.C. § 1983. He names the following defendants: Sergeant Renfro, Corporal George, Deputy Bardwell, and Unknown Deputy.[1]

### Background

Plaintiff alleges that on December 6, 2020, Sergeant Renfro searched his cell in Pod 7 and "supposedly" found a shank. [doc. # 1, p. 3]. Someone informed Plaintiff that he was "being placed in lockdown." [doc. # 9, p. 1]. Plaintiff utilizes "lockdown" and "Pod 10E" interchangeably.

Plaintiff claims that he asked Renfro to place him in protective custody, but Renfro refused and instead placed him in "B-5 which is a rubberized room" for disruptive inmates. [doc. # 1, p. 3]. Renfro allegedly told Plaintiff that he would remain in B-5 until Plaintiff agreed to go to Pod 10E. *Id.* Plaintiff refers the Court to a previous proceeding he filed in which he alleged that Renfro knew he had several enemies in Pod 10E and that it was not safe. *George*

---

[1] This matter has been referred to the undersigned for review, report, and recommendation under 28 U.S.C. § 636 and the standing orders of the Court.

*Dewayne Dunn v. Jay Russell, et al.*, 3:20-cv-0027 (W.D. La. 2021). Relatedly, he also alleges here that an inmate named Anderson was in lockdown and that Renfro should have remembered Plaintiff's "other incident with Anderson because he was involved in that incident . . . ." [doc. # 9, p. 1]. He maintains that Renfro "knew of the situation he was placing [him] in and he didn't care." *Id.*

Plaintiff alleges that as Corporal George concluded the search in Pod 7, "they" tried to send him to Pod 10E. Plaintiff again requested protective custody from George because Anderson was in Pod 10E. *Id.* Plaintiff knew that Anderson was still in lockdown/Pod 10E, and he alleges that "Corporal George should have remembered" Plaintiff's "other incident with Anderson . . . ." [doc. # 9, p. 1]. George refused to place him in protective custody. [doc. # 1, p. 3].

Plaintiff alleges that Deputy Bardwell attempted to transport him to Pod 10E, but Plaintiff requested protective custody, informing Bardwell that he could not live in Pod 10E. *Id.* at 4. Plaintiff claims that Bardwell followed Renfro's instruction to refuse Plaintiff protective custody and to instead place Plaintiff in B-5. [doc. #s 1, p. 3; 9, p. 2].

Plaintiff seeks punitive damages from each defendant, and he asks the Court to permanently terminate defendants' employment. *Id.* at 5.

## Law and Analysis

### 1. Preliminary Screening

Plaintiff is a prisoner who has been permitted to proceed in forma pauperis. As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is

2

subject to preliminary screening pursuant to 28 U.S.C. § 1915A.[2] *See Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir. 1998) (*per curiam*). Because he is proceeding in forma pauperis, his Complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim on which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. Courts are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Id.*

A complaint fails to state a claim on which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570). Plausibility does not equate to possibility or probability; it lies somewhere in between. *Id.* Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim. *Twombly*, 550 U.S. at 556.

---

[2] Under 28 U.S.C. § 1915(h), "'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."

Assessing whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal, supra.* A well-pled complaint may proceed even if it strikes the court that actual proof of the asserted facts is improbable and that recovery is unlikely. *Twombly, supra*.

In making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). However, the same presumption does not extend to legal conclusions. *Iqbal, supra.* A pleading comprised of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8. *Id*. "[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *City of Clinton, Ark. v. Pilgrim's Pride Corp*, 632 F.3d 148, 152-53 (5th Cir. 2010). Courts are "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

A hearing need not be conducted for every pro se complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

"To state a section 1983 claim, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (internal quotation marks omitted). Consistent with the standard above, a "[S]ection 1983 complaint must state specific facts, not simply legal and constitutional conclusions." *Fee v. Herndon*, 900 F.2d 804, 807 (5th Cir. 1990).

**2. Failure to Protect**

To state a failure-to-protect claim, Plaintiff must allege that a defendant's inaction amounted to deliberate indifference. That is, he must allege that a defendant "knew of and disregarded a substantial risk of serious harm." *Alderson v. Concordia Par. Corr. Facility*, 848 F.3d 415, 420 (5th Cir. 2017).

Here, Plaintiff does not plausibly allege that he was ever exposed to a substantial risk of serious harm. He does not allege that on or after December 6, 2020, any defendant actually placed him in lockdown/Pod 10E. Thus, he was not exposed to any risk of harm from Anderson or other inmates.[3] Rather, he alleges that he remained in the rubberized room, B-5, for an unstated time.[4] The Court should dismiss these claims.

## Recommendation

For the reasons above, **IT IS RECOMMENDED** that Plaintiff George Dewayne Dunn's claims be **DISMISSED** as frivolous and for failing to state claims on which relief may be granted.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the**

---

[3] *See Horton v. Cockrell*, 70 F.3d 397, 400–01 (5th Cir. 1995) (observing that a plaintiff must prove that he was incarcerated under conditions posing a substantial risk of serious harm); *Vela v. Garcia*, 728 F. App'x 285, 287 (5th Cir. 2018).

[4] Plaintiff does not complain of any conditions in B-5.

**proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, this 24th day of March, 2021.

_____
Kayla Dye McClusky
United States Magistrate Judge